FILED'06 DEC 27 13:50 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THOMAS CLARENCE FOWLER,

        Petitioner,

     v.

UNITED STATES OF AMERICA,

        Respondent.

No. CV 06-70004-MO
CV 06-70005-MO
CR 04-210-MO
CR 05-247-MO

OPINION AND ORDER

**MOSMAN, J.,**

    Pending before the court is petitioner's pro se petition (CR 04-210 #42/CR 05-247 #21). His petition is twofold: (1) petitioner seeks an order waiving the requirement that he pay 25 percent of his gross income to defray the cost of his room and board during his placement in a community corrections center; and (2) petitioner asks the court to reduce his sentence six to nine months to compensate for the reduction he would have received for completing the Bureau of Prisons' ("BOP") residential drug and alcohol program ("DAP") pursuant to 18 U.S.C. § 3621(e). The court has previously construed this petition as one for relief under 28 U.S.C. § 2255. The court DENIES petitioner's petition.

PAGE 1 - OPINION AND ORDER

As part of a plea agreement, a defendant may expressly waive his right to appeal if the waiver is knowingly and voluntarily made. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). A waiver of the right to appeal a sentence includes a waiver of the right to collaterally attack the sentence under 28 U.S.C. § 2255. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). Here, petitioner pleaded guilty to unarmed bank robbery and mail fraud pursuant to a plea agreement. As part of that agreement, petitioner waived his right to appeal any aspect of his conviction or sentence, including collateral attacks under 28 U.S.C. § 2255. Specifically, petitioner's plea agreement reads:

> Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction or sentence on any grounds unless (1) the sentence imposed exceeds the statutory maximum penalty, or (2) the court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of U.S.S.G. Chapter 5K, or (3) the court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory sentencing guideline range. . . . Defendant also waives the right to file any collateral challenge, including a motion for relief under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except for a claim of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

Petitioner's waiver to collaterally challenge his sentence under § 2255 is enforceable. His waiver was express, and it clearly contemplated collateral attacks under § 2255. *See Abarca*, 985 F.2d at 1014 (waiver of collateral attack enforced where defendant relinquished his right to seek relief, direct or collateral).

Petitioner's plea agreement, however, does permit collateral challenges for a claim of ineffective assistance of counsel and for those grounds found in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). Petitioner does not assert a claim either for ineffective assistance of counsel or for a new trial under Rule 33. As such, petitioner's challenge is limited to the grounds permitting the modification of an imposed term of imprisonment found in 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) does not permit the court to grant petitioner's requested relief.

PAGE 2 - OPINION AND ORDER

Title 18 U.S.C. § 3582(c)(2) states:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In this case, petitioner's sentencing range has not subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). Accordingly, the court may not modify petitioner's sentence as requested.

To the extent petitioner challenges the execution of his sentence or the conditions of his confinement in that he pay 25 percent of his gross income to defray the cost of his placement at a community corrections center, he must raise that challenge pursuant to 28 U.S.C. § 2241. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court").

Furthermore, this court is without jurisdiction to modify petitioner's sentence under 18 U.S.C. § 3582(c), including Fed. R. Crim. P. 35. Neither the Director of the BOP nor the government has made a motion to modify, correct, or reduce petitioner's sentence, and his sentence did not result from an arithmetical, technical, or other clear error.

Accordingly, petitioner's petition is DENIED.

IT IS SO ORDERED.

DATED this 27th day of December, 2006.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

PAGE 3 - OPINION AND ORDER