FILED'07 FEB 26 15:43USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THOMAS CLARENCE FOWLER,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

No. CV 07-70006-MO
CV 07-70007-MO
CR 04-210-MO
CR 05-247-MO

OPINION AND ORDER

**MOSMAN, J.,**

On February 16, 2007, petitioner Thomas Fowler filed pro se habeas petitions (CR 04-210 #46/CR 05-247 #25), challenging his sentences for unarmed bank robbery and mail fraud. In these petitions, he seeks to have his sentences vacated, arguing that he did not receive effective assistance of counsel at his sentencing hearing on April 3, 2006. The court DISMISSES these petitions pursuant to 28 U.S.C. § 2244(b) because they are successive and were not authorized by the Ninth Circuit.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"), a second or successive habeas petition may not be filed in the district court unless it has been authorized

PAGE 1 - OPINION AND ORDER

by the appropriate court of appeals. *Williams v. Calderon*, 83 F.3d 281, 285 (9th Cir. 1996). Generally, a new petition is second or successive if it raises claims that were or could have been adjudicated on their merits in an earlier petition, meaning the petitioner was long aware of the factual predicate of the "new claim" and could have raised it in his first petition. *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001).

Here, Mr. Fowler previously filed habeas petitions on October 19, 2006. In those petitions, he sought modification of his sentences and challenged the execution and conditions of his confinement. Those petitions were denied. The basis of Mr. Fowler's current challenge is ineffective assistance of counsel in that the court erred in the calculation of his guideline sentence, and that this error was not recognized by his attorney. Although his current challenge differs from his previous habeas petitions, it is nonetheless successive. Mr. Fowler was long aware of his sentence, including the court's guideline calculation at his sentencing hearing on April 3, 2006 and his attorney's conduct at that hearing, and could have raised those issues in his prior petitions. *See Cooper*, 274 F.3d at 1273. Moreover, the Ninth Circuit has not authorized Mr. Fowler to file these successive petitions. *See Williams*, 83 F.3d at 285.

Accordingly, Mr. Fowler's petitions are DISMISSED with leave to refile if the Ninth Circuit authorizes him to do so.

IT IS SO ORDERED.

DATED this ____ day of February, 2007.

MICHAEL W. MOSMAN
United States District Court